# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SHUEB ALI AMIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-328-R** |
| | ) | |
| **MARKWAYNE MULLIN**[1] **et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Shueb Ali Amin, a noncitizen[2], seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 2, at 4. United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 18.[3] The Government

---

[1]     Markwayne Mullin is now the Secretary of the Department of Homeland Security (DHS). https://www.dhs.gov/news/2026/03/24/us-senate-confirms-markwayne-mullin-secretary-department-homeland-security (last visited April 17, 2026). The Court substitutes Markwayne Mullin as a Respondent in this matter. *See* Fed. R. Civ. P. 25(d).

[2]     This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

responded to Petitioner's habeas petition, Doc. 23, and Petitioner replied, Doc. 25. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant in part and deny in part Petitioner's habeas petition.

## I. Factual background and Petitioner's claims.

Petitioner, a Somali citizen entered the United States on or about December 8, 2022. Doc. 2, at 2, 4. On December 14, 2022, DHS released him on an "Order of Release on Recognizance," issued a notice to appear, and placed him in full removal proceedings under 8 U.S.C. § 1229a. *Id.* at 2 & Atts. 1, 2. He sought asylum on April 17, 2023. *Id.* Att. 3. He has been legally working and living in Minnesota while on release. *Id.* at 2, 5. He alleges Respondents detained him on January 12, 2026 "for no apparent lawful reason." *Id.* at 13.

On January 9, 2026, the Oklahoma Highway Patrol detained and arrested Petitioner during a commercial vehicle inspection in Sequoyah, Oklahoma. Doc. 23, Att. 1, at 2. Immigration & Customs Enforcement (ICE) confirmed Petitioner's immigration status and arrested Petitioner on January 12, 2026. Doc. 23, at 17. On February 4, 2026, an Immigration Judge (IJ) denied Petitioner's request for a "custody redetermination" finding the court had no jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA

2

2025). Doc. 23, Att. 3. "In the alternative, and after hearing and considering the totality of evidence," the IJ "denie[d] bond based on its finding that [Petitioner] present[ed] a flight risk." *Id.*

Petitioner challenges his detention under the Administrative Procedure Act (APA), the Immigration and Nationality Act (INA), and the Due Process Clause of the Fifth Amendment. *See* Doc. 2, at 21-23 (citing 8 U.S.C. §§ 1225(b)(2) & 1226(a), (b); 8 C.F.R. § 1236.1(c)(9)). He asks the Court to declare his detention without an individualized determination unlawful; issue a writ of habeas corpus ordering Respondents to release him immediately, or in the alternative hold a prompt bond hearing; issue a show cause order as to why relief should not be grated within three days, prohibit his transfer from this District without Court approval;[4] and award attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 23-24.

## II.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

---

[4]    The Court addressed the latter two requests when it directed Respondents to respond to the petition. *See* Doc. 20.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.   Discussion.

Petitioner asserts his detention is governed by § 1226(a), so he is legally entitled to a bond redetermination hearing. Doc. 2, at 3-4, 13-14, 20-22; *see also* Doc. 25, at 14 ("[Section] 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing."). Respondents contend that "Petitioner is an applicant for admission" covered by the mandatory detention provision in § 1225. Doc, 23, at 16, 22.[5]

This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Kumar v. De*

---

[5]    Respondents do not assert a lack of jurisdiction under 8 U.S.C. §1252(g), as they have in other cases in this Court. And this Court has determined that a petitioner's challenge to the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) does not "fall within the narrow jurisdictional bar stated in 8 U.S.C. § 1252(g)." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025).

*Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at \*2 (W.D. Okla. Mar. 17, 2026) (stating "that § 1226(a) governs the detention of noncitizens, like Petitioner, that were apprehended within the United States after entering the country without admission or inspection"). The Court should reach the same result in this case. But, because the government afforded Petitioner a bond redetermination hearing, *see* Doc. 23, Att. 3, the Court should deny any further relief.

> When a noncitizen is detained under § 1226(a), "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). However, "the Attorney General's exercise of discretion is not subject to judicial review." *Id.* (citing 8 U.S.C. § 1226(e)). Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond. *Id. See also Valeriano v. Soto*, No. CV 25-16100 (MAS), 2026 WL 63710, at \*2 (D.N.J. Jan. 8, 2026) ("Where an immigration judge makes a ruling as to granting or denying bond under § 1226(a), . . . the Court has no jurisdiction to second guess or reconsider the immigration judge's decision."); *Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at \*6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

*Kumar*, 2026 WL 753944, at \*2.

Petitioner maintains he "has not received a bond hearing." Doc. 25, at 17. But the record shows he did: the IJ denied Petitioner's bond request, first

5

determining he lacked jurisdiction to hold a hearing, and in the alternative, finding Petitioner presented a "flight risk." Doc. 23, Att. 3. Petitioner does not challenge the constitutional adequacy of his bond hearing, which he may do before this Court. And "merely because [the IJ's decision] was handed down on an in-the-alternative basis," does not render it unlawful. *Kumar*, 2026 WL 753944, at \*2. Without more, this Court cannot review this claim.

Because this Court "lacks jurisdiction to reconsider the IJ's discretionary decision to deny bond," it should "not order any further relief at this time." *Id.*

## IV.    Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court grant the petition in part as to Ground II and deny Petitioner's remaining requests for habeas corpus relief. *See id.* ("[T]he Court grants the Petition in part as to Count I, and finds that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and may not be denied a bond redetermination hearing solely on the basis that he is detained under § 1225(b)(2)(A). However, because Petitioner has received a bond determination hearing, his remaining claims are dismissed and the Court will not order any further relief at this time.").

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 5, 2026,

6

in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 21st day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

7